[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16395
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00181-MP-CAS

ELLIOTT L. JONES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 19, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Elliott Jones appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of his application for supplemental security income.  He contends that the administrative law judge failed to develop a full and fair record.

## I.

Although this case has an extensive procedural history, dating back to Jones' application in 2005, only two administrative hearings are relevant to this appeal. The first of those two hearings began with Jones' counsel stating that the onset date of Jones' disability was in 2008.  Jones then testified to his physical and mental limitations, and the ALJ admitted medical documents from as early as 2005.  In addition, the ALJ heard testimony from a vocational expert.

At the second hearing the ALJ admitted additional medical documents and Jones testified again, discussing his work history since 1995 and his current limitations.  A medical expert also testified about Jones' physical and mental health history.  And a vocational expert — a different one from the first hearing — answered questions about whether a hypothetical claimant with similar limitations to Jones would be able to work in jobs available in the national economy.

During the second hearing Jones' counsel requested that the ALJ allow an additional mental health consultation in order to "fully and fairly" develop the record, and the ALJ agreed.  Jones' counsel also asked the ALJ if he was "basically

satisfied with the record as to the physical limitations based upon the impairment?" The ALJ answer "[y]es, I believe so," and Jones did not offer any additional evidence.

After Jones completed the mental health consultation, the ALJ denied his application, concluding that Jones "ha[d] not been under a disability within the meaning of the Social Security Act." Jones requested review by the Appeals Council, but it declined to assume jurisdiction.

Jones filed a complaint in the district court. He also submitted two new pieces of evidence: (1) a doctor's note from 2002 stating that Jones had limitations but could work in a job that allowed him to change positions between sitting and standing, and (2) an unsigned assessment that appeared to be from 2001 stating that "[m]arked increase in pain is likely to occur to such a degree as to prevent [Jones] from alternatively sitting and standing at will for more than 3 to 4 hours a day."

The magistrate judge's report and recommendation first noted that the only issue briefed by Jones in the district court was whether, in light of the newly submitted evidence, the ALJ "fully and fairly develop[ed] the record." After considering the new evidence, the magistrate judge recommended affirming the denial of Jones' application. Jones did not file any objections to the report and

3

recommendation.  The district court adopted the magistrate judge's report and recommendation, thereby affirming the denial of Jones' application.

## II.

As the magistrate judge noted, the only issue raised by Jones in the district court was his contention that the ALJ failed to "fully and fairly develop the record."  Because the district court did not have an opportunity to consider and rule on any other issue, we will consider only the "full and fair" record issue.  See Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

Turning to that issue, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record."  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912).  "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."  Id.  "In evaluating the necessity for a remand" to more fully develop the record, "we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice."  Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (quotation marks omitted).

Jones argues that he was prejudiced because the ALJ failed to include in the administrative record the two medical documents that Jones later submitted to the district court.  But he never mentioned those documents in his testimony before the ALJ, nor did he indicate that medical records from that period of time — 2001 and

2002 — were necessary for the ALJ to make an informed determination. During his testimony Jones discussed his medical issues as far back as 1995, and if his 2001–2002 medical history was essential to the determination of his application, he could have brought it up while testifying.

The ALJ developed a record that contained a multitude of medical documents spanning an eight-year period, as well as testimony from two vocational experts, a medical expert, a mental health consultant, and Jones himself. The fact that the ALJ did not, without any prompting from Jones, also survey other medical documents from six to seven years before Jones' onset date did not result in "unfairness or clear prejudice." See id. The ALJ developed a full and fair record.

**AFFIRMED.**